# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

## DEFINITIONS

1. "You" and "your" refer to **Fox Horan & Camerini.** and each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on its behalf.

2. "Correspondence" means any letter, memorandum or other writing.

3. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4. "Communication" The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise)

5. "Document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including any drafts, revisions and computer readable materials. "Document" shall also mean electronic mail, tapes, disks, diskettes, data cells, tape back-ups, drums, printouts, and all other data compilations from which information can be obtained (translated, if necessary, by you through detection devices into usable form).

6. "Electronically Stored Information" or "ESI" includes, but is not limited to e-mails and attachments, voice mail, instant messaging or other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices and network access information and backup materials, Native Files and the corresponding Metadata which is ordinarily maintained.

7. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

9. "Load File(s)" means a file that relates to a set of scanned or electronic images or electronically processed files that indicate where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A Load File may also contain data relevant to the individual documents or ESI, such as Metadata, coded data, text, and the like.

10. "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, sent, received or otherwise manipulated by a user of such system. Metadata is a subset of ESI

11. "Native File(s)" means ESI in the electronic format of the application in which such ESI was created, viewed and/or modified. Native Files are a subset of ESI

12. "Person" The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13. "Relating to" and "relates to" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

14. "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard litigation support software. The most common forms of Static Images used in litigation are ESI provided in either Tagged Image File Format (TIFF, or .TIF files) or Portable Document Format (PDF). If Load Files were created in the process of converting Native Files to Static Images, or if Load Files may be created without undue burden or cost, Load Files are typically produced together with Static Images.

15. "State", "describe," "set forth" or "specify in detail" means to answer the question, identifying all persons involved therein or having knowledge thereof, identifying any documents which form the basis of your knowledge or belief, indicating upon what basis other

16. "All/Any/Each." The terms "all," "any," and "each" shall each be construed as encompassing any and all.

17. "And/Or". The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18. The use of one gender includes all others, appropriate in the context.

# PARTICULAR DEFINITIONS

I. **"Entities"** shall refer to Acacia Executive Holdings Inc, Aglais Investment Company, Deanston Worldwide Limited, Eagle Technologies, LLC, KKW Venture Capital Investment Co, KKW Venture Capital LLC, Spetses Executive Holding; as well as its past and present affiliates, officers, directors, agents, partners, servants, employees, attorneys, representatives, consultants, accountants, investigators predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

II. **"Trusts"** shall refer to Acacia Trust, Admiral Trust, Spetces Trust, as well as any renamed incarnations of said trust structure as well as its past and present affiliates, officers, directors, agents, partners, servants, employees, attorneys, representatives, consultants, accountants, investigators predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

III. **"Andraus"** shall refer to Carolina Andraus Lane

IV. **"Batista"** shall refer to Gilberto Miranda Batista.


# INSTRUCTIONS

A. The relevant time period of these requests is from **August 2004 to Present** and shall include all documents which relate or refer to this period, even though prepared before or subsequent to that period.

B. The Requests seek all Documents available to You or in Your possession, custody, or control from any source, wherever situated, including, without limitation, information from any members, employees, or agents.

C. Should any Document that would otherwise be responsive to these Requests be presently unavailable, and/or no longer in Your possession, custody, or control, please Identify each such Document and state whether each such Document is (a) missing or lost, (b) destroyed, (c) transferred to another person or entity, voluntarily or involuntarily or ( d) otherwise disposed of. In each instance, explain the circumstances surrounding any authorization for such disposition, including the date of such disposition, the Person responsible for such disposition, the identity of the Person, if any, to whom the Document was transferred and the policy, practice, procedure, rule, order, guideline, or other authority by, under, or pursuant to which such disposition was made.

D. Documents shall be produced with all exhibits, attachments, or amendments thereto and all drafts or versions of a documents (include those with handwritten notes) shall be produced in addition to the final Document.

E. If you object to furnishing any information requested document on the ground of privilege, immunity, work product or otherwise, please provide a written statement in which you identify the specific ground on which your objection is based, and the document objected to by furnishing its date, author, recipient, a general description of the subject matter of the document and the reason why the document is protected.

F. Notwithstanding your objection, you must disclose any objected-to evidence containing non-objectionable matter which is relevant and material to the discovery requests, but you may withhold the portion for which you assert the objection, subject to further request or motion, provided that you furnish the above requested identification.

G. You must identify, by category or type, the sources containing any potentially responsive electronically stored information that You are neither searching nor producing. You must further specify the reason why You are neither searching such sources nor producing such information. If a refusal to answer is based on grounds that the Request is overly burdensome, identify the amount and nature of the Documents or things needed to be searched.

H. If you later discover responsive documents, you are obligated to supplement your responses pursuant to [FRCP 26(e)]

I. All documents are to be produced as electronic files in their native formats, unless otherwise specified. For example a PDF file is to be produced as a PDF, a .doc files is to be produced as a .doc file.

J. All electronic files are to be produced as kept in the ordinary course of business. Responding party shall not remove metadata from any file prior to production.

K. If you seek to comply with a demand to produce a document by producing photocopies of the of the original documents as they are kept in the usual course of business, please staple, clip or otherwise bind the copies in the same manner as the originals, and please produce them in file folders or bundles which include photocopies of the labels or other markings on the outside of the file folders in which the original documents are kept. Otherwise, photocopies of the documents should be organized and labeled to correspond with the categories in these Requests. Originals of the documents produced should be brought with You to Your deposition for inspection by Defendants' counsel.

# REQUESTED DOCUMENTS

1. All documents pertaining to any open closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either **Entities**, **Trusts**, **Andraus**, and/or **Batista**, including, but no limited to:

    a. Bank statements;

    b. Cancelled Checks;

    c. Deposit Tickets;

    d. Items deposited;

    e. Credit and debit memos; and,

    f. Form 1099, 1089, or back-up withholding documents.

2. All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either **Entities**, **Trusts**, **Andraus**, and/or **Batista**, including, but no limited to:

    a. Fed Wire, CHIPS, SWIFT, or other money transfer message documents;

    b. Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;

    c. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,

    d. Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3. All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the

signature authority of either **Entities**, **Trusts**, **Andraus**, and/or **Batista**, including, but no limited to:

   a. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;

   b. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders;

   c. Applications for purchase of checks or money orders; and,

   d. Retained copies of negotiated checks or money orders.

4. Customer correspondence filed for accounts in the name of or with the signature authority of either **Entities**, **Trusts**, **Andraus**, and/or **Batista.**

5. All documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of either **Entities**, **Trusts**, **Andraus**, and/or **Batista,** including but not limited to:

   a. Contracts; and

   b. Entry records.

6. All documents pertaining to open or closed bank credit in the name of or under the signatory authority of either **Entities**, **Trusts**, **Andraus**, and/or **Batista,** including but not limited to:

   a. Application for credit;

   b. Monthly statements; and,

   c. Financial statements

7. **Entities** and **Trust** documents in your possession including but not limited to:

a. Formation documents; by-laws. Minutes, board materials, any resolutions, any amendments, and any schedules
   b. A chart of documents sufficient to show the corporate parents, subsidiaries, and any affiliates of **Entities** and **Trusts**, both at the time of formation and presently.
8. Documents showing how **Entities** and **Truss** were capitalized during the period from formation to present.
9. Documents relating to **Entities** and **Trusts'** relationship (including any ownership and/or control) whether direct or indirect with you, **Andraus**, and/or **Batista**
10. Documents relating to your financial, corporate, managerial and/or employment relationship (including any ownership and/or control, whether direct or indirect), with the following Persons (as that term is defined in paragraph 12 of the Definitions above) and entities:
    a. Rafael Urquia;
    b. Michael Johnston
    c. **Andraus**; and
    d. **Batista**.
11. Documents reflecting your non-privileged Communications with the following Persons (as that term is defined in paragraph 12 of the Definitions above) relating to any of the matters referenced in Requests No 1-10 above, from inception of such communications through the date of your compliance with this subpoena:
    a. Rafael Urquia;
    b. Michael Johnston
    c. **Andraud**; and

    d. **Batista**.

12. Documents reflecting your non-privileged Communications with the following email addresses relating to any of the matters referenced in Requests No 1-10 above, from inception of such communications through the date of your compliance with this subpoena:

    a. carolinaandraus@yahoo.com;

    b. carolina@kkw.com.br;

    c. carolina@londonholding.com;

    d. 007-007@hushmail.com;

    e. 010-010@hushmail.com