# FOX HORAN & CAMERINI LLP

885 THIRD AVENUE
17TH FLOOR
NEW YORK, NEW YORK 10022

ATTORNEYS AND COUNSELLORS AT LAW

TELEPHONE: (212) 480-4800
TELECOPIERS: (212) 269-2383
(212) 709-0248

> The Court construes Respondent's letter motion for conference as an opposition to Petitioner's motion. No subpoenas have been issued in this action -- briefing on Petitioner's motion is ongoing. (*See* Dkt. No. 11.) Petitioner shall file any reply to Respondent's opposition by **May 2, 2022**. So Ordered.
>
> Dated: April 20, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**By ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *In re Application of Carolina Andraus Lane*
1:22-mc-000034

Dear Judge Schofield:

    We represent real party in interest Gilberto Miranda Batista ("Batista"). Pursuant to Your Honor's Individual Rules and Procedures for Civil Cases, we write to request a pre-motion conference in respect of Batista's anticipated motion for a protective order quashing the subpoenas issued to respondents Fox Horan & Camerini LLP ("FHC"), Rafael Urquia, II ("RUB") and Donald T. Fox ("DTF"). Before submitting this letter, we discussed the motion with counsel for petitioner, Carolina Andraus Lane ("Petitioner") and were unable to resolve the issues. Batista, FHC, RUB and DTF respectfully request leave to move to quash the subpoenas.

## Background

    Petitioner's Section 1782 discovery request arises from the marital divorce proceeding between Petitioner and Gilberto Miranda Batista. In the divorce proceeding, Petitioner sought to establish that she was entitled to 50% of Batista's earnings from all of his investment during the period between 2004 and 2007. The Brazilian court adjudicated the divorce and awarded nothing to Petitioner, enforcing the provisions of Petitioner's pre-nuptial agreement with Batista. Having failed in her attempt to obtain Batista's property in the divorce proceeding, Petitioner commenced a second Brazilian proceeding, seeking property previously denied in the divorce proceeding claiming that she was Batista's *de facto* business partner and, therefore, entitled to half of the business. Petitioner is wrong; and the second Brazilian proceeding is merely a desperate attempt to circumvent the judgment entered against her in the divorce proceeding.

## Legal Standard

    The District Court possesses jurisdiction to grant a Section 1782 petition if: (1) the person from whom discovery is sought resides (or is found) in the district … (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or

Hon. Lorna G. Schofield
Page 2

international tribunal or any interested person." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2d Cir. 2018). Even if those factors are met, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Instead, the District Court is required to consider four factors in exercising its discretion to grant the application, including "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which event the need for § 1782 aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad … and (4) whether the request is unduly intrusive or burdensome." *Kiobel*, 895 F.3d at 244 (citing *Intel*, 542 U.S. at 264-65). "The *Intel* factors are not to be applied mechanically. A district court should also take into account any other pertinent issues arising from the facts of the particular dispute." *Id.*, 895 F.3d at 245.

### Donald T. Fox, Esq. ("DTF")

DTF founded FHC more than 50 years ago, and now in his 90's, is retired. Although still "of counsel" to FHC, DTF resides in Nicaragua and is not generally involved in FHC's business or operations. Because DTF does not reside (and cannot be found) within the Southern District of New York, this Court lacks jurisdiction to compel his deposition pursuant to 28 U.S.C. § 1782. *See, e.g.*, *Kiobel*, 895 F.3d at 243 ("A district court possesses jurisdiction to grant a Section 1782 petition if: (1) … the person from whom the discovery is sought resides (or is found) in the district of the district court to which the application is made…."). Accordingly, the Court must quash the subpoena for his testimony.

Further, Petitioner is erroneously seeking the testimony of DTF in the United States, pursuant to letters rogatory issued by the Brazilian court. Such letters rogatory render the instant Section 1782 application duplicative. For reasons of international comity and efficiency, this Court should allow the Brazilian court to oversee the mechanism used to obtain the testimony in question. Moreover, it is improper to allow Petitioner to take DTF's deposition twice.

### Fox Horan & Camerini LLP ("FHC")

FHC holds all of its responsive records in connection with its role as counsel to Batista and his entities. Batista is party to the Brazilian case and the true party from whom discovery is sought.

In *Intel*, the Supreme Court recognized that "when the person from whom discovery is sought is a participant in the foreign proceeding, the need for § 1782(a) aid is generally not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 264. Here, although Petitioner literally seeks discovery from FHC, which is not a participant in the Brazilian proceeding, "for all intents and purposes [Petitioner] is seeking discovery" from Batista and his entities – he is a participant in the Brazilian proceeding. *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 85 (2d Cir. 2004) (denying discovery from Cravath Swain & Moore LLP ("Cravath")).

Attorneys in New York may hold documents from foreign clients in connection with their representation of those foreign clients. In those situations, the Second Circuit has recognized

Hon. Lorna G. Schofield
Page 3

that although the law firm had actual possession of the documents, the documents were truly sought from the client. It has found that district courts abused their discretion in granting Section 1782 discovery from law firms on those facts. *See Kiobel*, 895 F.3d 238; *Schmitz*, 376 F.3d 79. Those cases are instructive. This Court must quash the subpoena to FHC.

In *Kiobel*, the Second Circuit addressed the situation where Cravath, as counsel to Royal Dutch Shell, held certain of Shell's documents. It recognized that petitioner really was seeking discovery from Shell, not Cravath, and because Shell was the opposing party in the foreign litigation, the first *Intel* factor weighed against granting discovery. *Kiobel*, 895 F.3d at 245; *see also Application of Atvos Agroindustrial Investimentos*, 481 F. Supp. 3d 166, (S.D.N.Y. 2020) (rejecting § 1782 application where discovery sought from party related to opponent).

In *Schmitz*, the Second Circuit reasoned that "[a]lthough technically the respondent in the district court was Cravath, for all intents and purposes petitioners are seeking discovery from DT, their opponent in the German litigation. *Intel* suggests that because DT is a participant in the German litigation subject to German court jurisdiction, petitioner's need for § 1782 help 'is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.'" *Schmitz*, 376 F.3d at 85 (quoting *Intel*, 542 U.S. at 265) (discovery pursuant to § 1782 improper). The same reasoning applies here.

**Rafael Urquia II ("RUB")**

RUB is a partner in FHC and has represented Batista for years. RUB gained the knowledge about which he is to be questioned through communications with Batista concerning the legal advice that he provided to, and work he performed for, Batista. Thus, much as is the case with Section 1782 discovery from FHC, discovery from RUB is really an effort to gain discovery from Batista, Petitioner's opponent in the Brazilian litigation.

Seeking discovery from counsel for the opposing party is discouraged. Before allowing such discovery, the Court must consider whether "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work product issues, and the extent of discovery already conducted" favor permitting such discovery. *In re Subpoena issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003). Here, as "currently phrased, the subpoena runs the risk of implicating privileged communications between attorney and client and/or privileged attorney work product." *Varbero v. Belesis*, 2020 WL 7043503, at *2 (S.D.N.Y. Dec. 1, 2020) (declining to enforce subpoena). Further, this Court must consider the *Friedman* factors within the context of the fourth *Intel* discretionary factor – "whether the request is unduly intrusive or burdensome." In that context, the Court must quash the subpoena as to RUB.

Accordingly, Batista, FHC, DTF and RUB respectfully request permission to file a motion for a protective order quashing the subpoenas.

                                              Respectfully submitted,

                                              */s/ Jeffrey M. Greilsheimer*