

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

80-02 Kew Gardens Road, Suite 600, Kew Gardens, New York 11415
Tel: (718)-577-3261     Fax: (718)744-2455

May 2, 2022

The Honorable Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *In re Application of Carolina Andraus Lane*
      1:22-mc-000034
      <u>Applicant's Response to Fox Horan and Camerini LLP's April 18, 2022 Request for Pre-Motion Conference Regarding Anticipated Motion to Quash Subpoenas</u>

Dear Judge Schofield:

I am counsel for the Applicant, Carolina Andraus Lane (hereinafter "Applicant"), in the above-captioned matter. I filed a motion for Discovery for use in Foreign Proceeding on Applicant's behalf on February 3, 2022 (*See* Docket No. 1). The matter was assigned to you on February 7, 2022, and an Order was entered directing Applicant to serve a copy of the order and the papers in support of the Application. (*See* Docket No. 8).

I am writing to respond to Defendant Gilberto Miranda Batista's (hereinafter "Defendant") April 18, 2022 Letter requesting a pre-motion conference regarding Defendant's anticipated Motion to Quash the Subpoenas ("April 18, 2022 Letter").

Fox Horan & Camerini LLP's ("FHC") April 18, 2022 Letter puts a big elephant in the room that needs to be addressed first. That elephant is FHC's representation of the Applicant. FHC chooses not to address the issue. FHC chooses neither to admit it or deny it. Yet, implicitly, by opposing the present application, FHC takes a position against their former client.

**<u>Background</u>**

FHC tried to obfuscate the issue at hand by portraying the Applicant as the "woman scorned." Nothing can be further from the truth. Separate and apart from the divorce proceedings, the lawsuit that is presently pending before the Brazilian tribunal seeks to prove a *de-facto* business partnership. Partnership that encompassed specific acts performed before marriage, where both Ms. Andraus and Mr. Batista conceived and developed in partnership, a viable business. Presently there are three (3) proceedings before the Brazilian tribunal aimed at demonstrating and proving Applicant's right to the assets of the *de-facto* partnership.

Fox, Horan, and Camerini, LLP ("FHC") was the law firm that, **for 14 years**, assisted Batista *and Applicant* in their business matters. FHC had been representing Batista for over thirty years before FCH began representing Applicant in 2006. FHC acted as attorney and trustee for Applicant from 2006 through 2019. Donald Fox was the trustee of the Admiral and Acacia Trusts, for which Applicant was a beneficiary, and acted as an attorney to Applicant, advising her on various business matters, as well as the same trusts where the Applicant received her 50% participation in proceeds of the *de-facto* partnership, as well as the Applicant's own "Carolina Trust."  For instance, in 2007, Applicant met with Donald T. Fox so he could advise her on the sale of the "Port Project" business. At the same time FHC was also representing the entities that made up the various trusts and reporting to the Applicant.  FHC and Donald Fox continued to represent Applicant for a few years after Applicant's personal relationship with Batista dissolved, until 2019.

**Donald T. Fox**

FHC claims that Donald Fox resides in Nicaragua, and is not found in this district. Donald Fox is a founding partner, who is still listed as "of counsel" on FHC's website. Additionally, Donald Fox is still a registered New York attorney. His attorney registration number is 1354604. He is not listed as inactive of otherwise retired on the New York State Unified Court Systems' attorney directory. [1]

Additionally, FHC is mistaken in its assertion that the testimony of Mr. Fox is sought pursuant to letters rogatory that were issued by the Brazilian Court. Applicant filed a request for production of evidence – a request that was granted by the Brazilian Court. DTF has refused to voluntarily testify at a Brazilian Court regarding activities he performed while representing the Applicant, including his role as a Trustee of the above-mentioned trusts.

**Fox Horan & Camerini LLP ("FHC")**

Whether the party against whom testimony is sought is not a party to the foreign proceeding is a discretionary factor meant to consider whether the party would be in the jurisdictional reach of the foreign court. "A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceedings may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent [section] 1782(a) aid." *See Intel Corp. v Advanced Micro Devices, Inc.*, 542 US 241, 244, 124 S Ct 2466, 2471, 159 L Ed 2d 355 [2004]. The implication of Defendant's argument is that the information sought from FHC is essentially being sought from Batista and that, as such, there is less need for § 1782 assistance. However, information sought from a law firm is not always considered to be sought from the client. *In re Warren*, 20 MISC. 208 (PGG), 2020 WL 6162214, at *6 [SDNY Oct. 21, 2020].

Additionally, Here, there is an increased need for assistance in this matter, as FHC is not subject to the Brazilian Court's jurisdiction and has given Applicant every reason to believe FHC will be uncooperative in production of the relevant documents for the Brazilian proceeding: even

---

[1] https://iapps.courts.state.ny.us/attorneyservices/wicket/page?3

in their April 18, 2022 Letter, FHC completely omits and ignores the critical fact that they also represented Applicant as her trustee and attorney from 2006 through 2019. Applicant wrote an email to Donald Fox in 2019, asking for relevant documents relating to her representation and the email went completely unanswered. It has become apparent that instead of excusing itself from the representation when FHC learned Applicant and Batista no longer had joint interests, FHC dropped Applicant and continued representing Batista to the detriment of Applicant, their own former client.

As FHC is taking a position against their own former client, Applicant's need for § 1782 is especially apparent in this case: FHC is outside of the jurisdiction of the Brazilian Court and has been evasive regarding the production of documents that are vital to the fair resolution of this matter. As such, this discretionary factor should weigh in favor of Applicant.

**Rafael Urquia II ("RUB")**

Defendant makes a similar argument, that testimony sought from Rafael Urquia II ("RUB") is essentially being sought from Batista. RUB, as a long-time counsel to Batista, the Applicant and the above-mentioned trust, is undoubtedly aware that Applicant was a client of FHC for many years. Thus, the same arguments given above regarding FHC apply to RUB.

Moreover, as opposing counsel cites in their April 18, 2022 Letter, in considering whether to allow discovery from counsel to the opposing party, the court should assess "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work product issues, and the extent of discovery already conducted." In re Subpoena issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003). However, information is not being sought from counsel to the opposing party, but from counsel to *both* parties regarding their *joint* representation. Even if the court were to consider FHC counsel to the opposing party, the need to depose the RUB is strong given that RUB advised Batista, *and* Applicant, on how to set up their businesses outside of Brazil using offshore and shell accounts to avoid publicity. This is essentially the reason the assets of the partnership are unable to be ascertained and the reason for the underlying Brazilian lawsuit. To the extent that discovery sought runs the risk of encountering privilege and work product issues, FHC represented *both* Batista and Applicant and the discovery sought relates only to their *joint* representation and is thus not overly intrusive or burdensome.

Accordingly, we ask the Court to consider the above arguments and issue a briefing schedule.

We thank the Court for its time and effort in consideration of this matter.

Respectfully submitted,

/s/ Kadochnikov
_____
Alexander Kadochnikov, Esq.