UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IN RE APPLICATION OF CAROLINA                               :
ANDRAUS LANE FOR AN ORDER                                   :   22 Misc. 34 (LGS)
DIRECTING DISCOVERY PURSUANT TO 28                          :
U.S.C. § 1782                                               :   ORDER
                                                            :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 3, 2022, Carolina Andraus Lane ("Applicant") filed an ex parte application to serve five financial institutions and the law firm of Fox Horan & Camerini LLP ("Fox Horan") with subpoenas for documents for use in a civil case pending in Brazil (the "Brazilian Proceeding"). Applicant seeks information relating to various corporate entities and trusts established as part of various alleged joint ventures between Applicant and Gilberto Miranda Batista, the opposing party in the Brazilian Proceeding and Applicant's ex-husband. An Order issued on February 7, 2022 (the "February 7 Order") directed Applicant to serve the targets of the requested subpoenas, as well as non-party Batista, with the application and its supporting papers. The application also sought a deposition of Fox Horan's representative. The same day, Applicant amended her application to request depositions of Donald T. Fox and Rafael Urquia, attorneys at Fox Horan.

WHEREAS, the application seeks subpoenas to Citigroup, Inc., Deutsche Bank AG, Morgan Stanley, RBC Bank, and Safra National Bank ("Safra") (collectively, "Financial Institutions"). On March 3, 2022, Applicant filed affidavits of service with respect to four of the Financial Institutions. The Financial Institutions have not appeared or filed any documents in this action.

WHEREAS, on April 18, 2022, Fox Horan, Fox, Urquia, and Batista (collectively, "Respondents") appeared in this action and filed a letter opposing the application. On May 2, 2022, Applicant filed a reply in support of the application.

WHEREAS, Applicant seeks discovery pursuant to 28 U.S.C. § 1782 ("§ 1782"). Section 1782 contains three statutory requirements: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020) (internal quotation marks omitted) (alteration in original). The requested discovery may not be "in violation of any legally applicable privilege." 28 U.S.C. § 1782(a). "Once the statutory requirements are met, a district court may order discovery under § 1782 in its discretion, taking into consideration the twin aims of the statute, namely, providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (internal quotation marks omitted). The Supreme Court has identified four additional discretionary factors (the "*Intel* factors") relevant to this determination:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.

*Mangouras*, 980 F.3d at 97 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241,

264–65 (2004)) (internal quotation marks and alterations omitted).  "[I]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright."  *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015).

**Financial Institutions**

WHEREAS, Applicant has not served RBC Bank with her application, the supporting papers, and the February 7 Order, as required by that Order.  In a letter filed February 28, 2022, Applicant represented that she was abandoning service of RBC Bank, as it is headquartered in the Southern District of Florida.

WHEREAS, Applicant attached a draft subpoena to Safra in her initial application and referred to Safra once in her declaration in support of the application.  Pursuant to the February 7 Order, Applicant served papers on Safra as a Respondent.  However, Applicant's Memorandum of Law in Support of the Application does not contain references to Safra as one of the financial entities from which Applicant seeks documents.  The lack of factual allegations or arguments regarding Safra prevents the Court from making the required findings of jurisdiction under § 1782.

WHEREAS, Applicant has made the requisite showing of eligibility for the remaining Financial Institutions.  Citigroup, Inc. and Morgan Stanley are headquartered in Manhattan, and Deutsche Bank AG maintains branches and conducts extensive business in New York and was served in Manhattan.  This establishes that each of them "resides (or is found)" in this District.  *See In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019) (holding that the term "found" in § 1782 should be broadly interpreted and that "§ 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process").  Next, the discovery sought is

"for use in a proceeding in a foreign . . . tribunal," namely the Brazilian Proceeding currently pending in the Civil Court of the Central Judicial District of the Capital of the State of Sao Paulo. Applicant seeks to gather evidence to use in the Brazilian Proceeding, specifically to prove the existence of a de facto partnership between her and Batista and to determine the location and value of that partnership's assets. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 257 (2004) (finding it "beyond question" that courts qualify as tribunals). Finally, Applicant is an "interested person" as she is a party to the Brazilian Proceeding. *Id.* at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782.") (internal quotation marks and brackets omitted).

WHEREAS, the discretionary factors under *Intel* counsel in favor of granting the request with respect to Citigroup, Inc., Morgan Stanley, and Deutsche Bank AG. First, none of these entities are party to the Brazilian Proceeding. If they were, that fact would counsel against permitting discovery. Second, Applicant has averred that the evidence requested from these entities could be introduced in the Brazilian Proceeding. Courts in this district have granted subpoenas for documents for use in Brazilian courts, further supporting the application. *See In re Atvos Agroindustrial Investimentos S.A.*, 481 F.Supp.3d 166, 176-77 (S.D.N.Y. 2020); *Matter of Degens*, No. 20 Misc. 237, 2020 WL 4252725, at *4 (S.D.N.Y. July 24, 2020); *see also Ex parte Abdalla*, No. 20 Misc. 727, 2021 WL 168469, at *5 (S.D.N.Y. Jan. 19, 2021) (denying subpoena, but finding this factor favored the application relating to Brazilian judicial proceedings). Third, there is no indication this action attempts to evade Brazilian restrictions on gathering proof. Finally, the requested discovery is not unduly burdensome or intrusive. Applicant seeks various financial records relating to entities and trusts involved in the putative partnership. These are the type of records routinely turned over in litigation. *See In re*

*Rodriguez Guillen*, No. 20 Misc. 102, 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020) (noting that a third-party bank "should be able to search for and produce . . . records of wire transfers without significant burden"); *In re Catalyst Managerial Services, DMCC*, No. 15 Misc. 408, Dkt. No. 23 at 2 (S.D.N.Y. July 27, 2016) (permitting § 1782 application for wire transfer records because such records were "evidence of the type normally produced by financial institutions, persons, or corporate entities as third parties or parties in litigation"), *aff'd* 680 F. App'x 37, 39 (2d Cir. 2017) (summary order). The *Intel* factors counsel in favor of granting the request. In addition to the *Intel* factors, no party opposes the issuance of subpoenas to Citigroup Inc., Morgan Stanley, and Deutsche Bank AG, further supporting the application.

Applicant's request for subpoenas to Safra and RBC Bank are denied, and requests for subpoenas to Citigroup, Inc., Deutsche Bank AG, and Morgan Stanley are granted.

**Fox Horan**

WHEREAS, Applicant seeks discovery of Fox Horan, a law firm that represents Batista, including in this action. Fox Horan is headquartered in and was served in Manhattan, satisfying the requirement that it "resides (or is found)" in this District. As discussed above, Applicant is an interested person, and this information is for use in a foreign proceeding. The three requirements for jurisdiction under the statute are met. An additional statutory requirement is that the requested discovery may not be "in violation of any legally applicable privilege." 28 U.S.C. § 1782(a). Fox Horan does not object to the subpoena on the basis of privilege, and the subpoena in several places explicitly limits the scope of requested documents to "non-privileged [c]ommunications."

WHEREAS, turning to the discretionary factors, the first factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at

264.  If this is the case, "the need for § 1782(a) aid is generally not as apparent." *Id.* This factor weighs against Applicant.  Although the parties dispute whether an attorney-client relationship between Fox Horan and Applicant exists or existed -- the record is insufficient to resolve this issue -- it is uncontested that Fox Horan currently represents Batista, including in this proceeding.  In *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, the Second Circuit reversed the grant of a subpoena under § 1782 to a law firm seeking one of its client's documents. 895 F.3d 238 (2d Cir. 2018).  The panel reasoned that existing precedent counseled that "a district court should not exercise its discretion to grant a Section 1782 petition for documents held by a U.S. law firm in its role as counsel for a foreign client if the documents are undiscoverable from the client abroad." *Id.* at 246.  It grounded this argument in the first *Intel* factor, as well as case-specific considerations of attorney-client privilege, restrictions on evidence gathering before the foreign tribunal, and the parties' protective order.  *Id.* at 245 ("[W]hen the real party from whom documents are sought . . . is involved in foreign proceedings, the first *Intel* factor counsels against granting a Section 1782 petition seeking documents from U.S. counsel for the foreign company."); *accord Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004) ("Although technically the respondent in the district court was [an American law firm], for all intents and purposes petitioners are seeking discovery from . . . their opponent in the German litigation.").  *Kiobel* indicates that Fox Horan should be treated as a participant in the Brazilian Proceeding, making this factor weigh against Applicant.  While Applicant cites district court decisions allowing discovery against a law firm when the firm's client is a party to the foreign proceeding, *see, e.g.*, *In re Warren*, No. 20 Misc. 208, 2020 WL 6162214 (S.D.N.Y. Oct. 21, 2020); *Degens*, 2020 WL 4252725, those decisions are not binding. Further, because the issuance of a subpoena under § 1782 is an act of judicial discretion based on

multiple factors, those decisions are not persuasive with regards to *Kiobel*'s guidance on the first *Intel* factor. The first *Intel* factor weighs against Applicant.

WHEREAS, the second *Intel* factor weighs "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. As discussed above, Applicant has shown that the evidence requested from these entities could be introduced in the Brazilian Proceeding, and Respondents do not contest the application of this factor. The second *Intel* factor weighs in favor of Applicant.

WHEREAS, the third *Intel* factor looks at whether the application is an attempt to circumvent proof-gathering restrictions in foreign courts. There is no indication that Brazilian law prevents discovery of these documents or that Applicant is proceeding in bad faith. While Respondents do imply that the Brazilian Proceeding is an attempt by Applicant to re-litigate a prior decision relating to the dissolution of her and Batista's marriage, this factor asks whether the party is proceeding in bad faith with regards to a foreign tribunal's restrictions on gathering information. Respondents give no such indication. The third *Intel* factor weighs in favor of Applicant.

WHEREAS, the final *Intel* factor asks whether "the request is unduly intrusive or burdensome." In her application, Applicant groups Fox Horan with the Financial Institutions and frames her subpoena as seeking documentation "that would establish the values and location of the assets under the Trust." Many of the documents she seeks are relevant to that aim, including how relevant accounts were formed and capitalized. That said, some of her requests are overbroad. For example, she seeks all "customer correspondence" and "documents relating to [Fox Horan's] financial relationship" with Batista over an eighteen-year period, with no

requirement of a connection to Applicant or the disputed entities or trusts.  She further seeks "documents relating to [Fox Horan's] . . . employment relationship" with Rafael Urquia and Michael Johnston, two attorneys with the firm, again over an eighteen year period, with no requirement that those documents be related to Applicant or Batista.  However, the scope of documents sought could be tailored and is not so outrageous to be unduly burdensome on its face.

Distinct from any issues with its scope, the requested subpoena is likely to encompass privileged materials, which Respondents argue is a form of undue burden or intrusiveness under the fourth *Intel* factor.  Although two of the twelve requests are explicitly limited to "non-privileged [c]ommunications," the other ten are not.  Requests for "[d]ocuments relating to [the] Entities and Trusts' relationship . . . whether direct or indirect with [Fox Horan], Andraus, and/or Batista" and "[d]ocuments relating to your financial[] [or] corporate[] . . . relationship . . . with . . . Andraus[] and Batista," are likely to implicate privilege.  Even so, "[l]aw firms are not immune from discovery," and the risk of turning over privileged materials can be dealt with through privilege logs.  *See Degens*, 2020 WL 4252725, at *6 (granting subpoena to law firm regarding certain marital assets the applicant sought in Brazilian family court proceeding, allegedly hidden in offshore accounts set up by the firm).  Therefore, the risk of encompassing privileged materials does not make the requested subpoena unduly burdensome.  On the whole, this factor favors Applicant.

WHEREAS, "[T]he *Intel* factors are not to be applied mechanically.  A district court should also take into account any other pertinent issues arising from the facts of the particular dispute." *Kiobel*, 895 F.3d at 245.  Applicant presents a plausible argument that she had an attorney-client relationship with Fox Horan.  If Applicant is correct, such a relationship would

8

differentiate her application from those rejected in *Kiobel* and *Schmitz*, counseling against applying those cases rigidly.  *Kiobel* also relied upon restrictions on gathering evidence in the foreign proceeding and the existence of a protective order, which the court called "a feature of this case that makes it extraordinary, and possibly unique."  *Id.* at 247.  *Degens* is also persuasive; there, the court allowed a Brazilian citizen to take discovery from New York law firms that had aided her Brazilian ex-husband in "administer[ing] offshore assets and entities."  2020 WL 4252725, at *1.  *Degens* reasoned that, even though "advice about asset preservation may well have been legal in nature, implementation of preservation strategies likely would not."  *Id.* at *6.  This case differs from *Degens* in that Brazilian courts have rejected Applicant's claims over these assets in a prior divorce proceeding, while the applicant in *Degens* won a partial judgment that she was entitled to portions of her ex-husband's assets.  However, the strength of Applicant's claim of a partnership-in-fact is a question that the Brazilian court has not yet decided.  Applicant is entitled under § 1782 to gather information to aid that decision in the Brazilian Proceeding.

Applicant's request for a subpoena to Fox Horan is granted in part.  Applicant may seek discovery into the entities and trusts at issue in the Brazilian Proceeding, as those entities and trusts are defined in her document subpoena to Fox Horan.  Following the issuance of this Order, the parties shall meet and confer in good faith to narrow the scope of the documents sought from Fox Horan, in particular Requests 4, 9, 10, 11 and 12.

**Donald Fox**

WHEREAS, Applicant seeks to depose Donald Fox, an attorney with Fox Horan.  However, Applicant has not made the requisite showing of jurisdiction over Fox because Applicant has not proven that he "resides (or is found)" in the District.  Fox's counsel states that

Fox resides in Nicaragua and is not involved with Fox Horan's business.  These representations are credited, even though they are not presented in an affidavit or other document signed under penalty of perjury, because Applicant does not contest them.  Applicant instead argues that Fox is a registered attorney in New York and is listed as "of counsel" on Fox Horan's website.  Neither of these assertions proves that Fox resides or is "found" in this District.  "[Section] 1782's requirement that a person or entity 'resides or is found' within the district in which discovery is sought . . . extends § 1782's reach to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d at 523-24.  Applicant has not asserted that Fox was served in this District.  *See In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) *(*stating that a person can be "found" within a judicial district for the purpose of § 1782 if he is served while physically present in the district).  Nor has Applicant argued that Fox resides in this District or is subject to specific personal jurisdiction here under *In re del Valle Ruiz*.  *See* 939 F.3d at 528-30.  Specifically, Applicant does not argue a causal connection between Fox's contacts with New York and the availability of the evidence sought to be subpoenaed from Fox.  *See id*. at 530.

As Applicant has not sustained her burden of proving jurisdiction to subpoena Fox, Applicant's request for a subpoena to Donald T. Fox, Esq., is denied.

**Rafael Urquia**

WHEREAS, Applicant seeks to depose Rafael Urquia, a partner at Fox Horan.  Urquia was not served separately from Fox Horan, and Applicant's papers do not include factual allegations regarding Urquia's residence or contacts with New York that would subject him to personal jurisdiction here.  Applicant has not sustained her burden of proving jurisdiction to issue a subpoena to Urquia.  Applicant's request for a subpoena to Rafael Urquia is denied.

*   *   *

It is hereby ORDERED that, Applicant's application is **GRANTED IN PART and DENIED IN PART**.  Her requests to subpoena RBC Bank, Safra National Bank, Donald Fox and Rafael Urquia are **DENIED**.  Her requests to subpoena Morgan Stanley, Citigroup, Inc. and Deutsche Bank, A.G., are **GRANTED**.  Her request to subpoena Fox Horan is **GRANTED IN PART**.  Applicant may seek discovery into the entities and trusts at issue in the Brazilian Proceeding, as those entities and trusts are defined in her document subpoena to Fox Horan. Following the issuance of this Order, the parties shall meet and confer in good faith to narrow the scope of the documents sought from Fox Horan, in particular Requests 4, 9, 10, 11 and 12 and, by **December 4, 2022**, file a joint letter stating whether this matter may be closed.

The Clerk of Court is respectfully directed to include only the foregoing paragraph on the docket and to close the motions at Dkt. 1 and 19.

Dated: November 7, 2022

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE