

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

80-02 Kew Gardens Road, Suite 600, Kew Gardens, New York 11415
Tel: (718)-577-3261       Fax: (718)744-2455

December 16, 2022

The Honorable Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **_In re Application of Carolina Andraus Lane_**
    1:22-mc-000034

> The parties shall meet and confer regarding a mutually agreeable allocation of the cost of production. Applicant shall provide a proposed list of search terms promptly, and the parties shall further meet and confer as necessary to reduce the burden of review. By **January 10, 2023**, the parties shall file a joint letter with the Court stating what issues remain in need of judicial resolution. So Ordered.
>
> Dated: December 19, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

*Joint letter for advising the Court with regard to the status of Your Honor's Order dated December 5, 2022.*

Dear Judge Schofield:

    I am counsel for the Applicant, Carolina Andraus Lane (hereinafter "Applicant"), in the above-captioned matter. I am submitting this letter jointly on behalf of all Parties who appeared in this action.

    On November 7, 2022 ((ECF # 22), Your Honor issued an Order granting in part and denying in part the Applicant's Motion for Discovery for use in Foreign Proceedings pursuant to 28 U.S.C. 1782. ("Order"). Pursuant to the terms of the Order the Parties had to file a joint letter stating whether the matter could be closed. On December 5, 2022, Your Honor granted the parties motion to enlarge the time to comply with Your Honor's Order to December 16, 2022 (ECF # 24).

    On December 16, 2022, counselors for their respective Parties met and conferred over the phone and agreed to the following:

(1) The scope of Applicant's subpoena to Fox, Horan & Camerini ("FHC") shall be limited to the time period between the years between 2004 and 2016 inclusive;
(2) Applicant shall withdraw Request # 4 from her subpoena;
(3) With respect to Request # 2, FHC shall produce wire transfer information for transfers made to FHC from Applicant only;
(4) With respect to Request # 5, FHC shall produce only inventories (to the extent that they exist) of the contents of safe deposit boxes;

(5) With respect to Request # 5, FHC shall produce only inventories (to the extent that they exist) of the contents of safe deposit boxes;
(6) With respect to Request # 9, FHC will produce only final versions of the listed documents.  FHC will not produce wills (if any) for Batista.
(7)  With respect to Request # 10 and 11, FHC will not produce documents relating to Rafael Urquia or Michael Johnston.

The Parties have not reached an agreement as to who shall bear the cost of production associated with complying with the subpoena.

Within a reasonable time, Applicant's counsel shall provide to FHC a proposed list of search terms to use for the purposes of e-discovery which will be conducted only in the email of Michael Johnston, Donald Fox and Rafael Urquia.  After the Parties gain an understanding of the number of potentially responsive documents, the Parties' counselors will discuss whether such terms require further modification to reduce the burden of review.

To the extend the Court wishes to set a date for a conference regarding a briefing schedule for the Respondent's motion to defray the costs of production of documents responsive to the subpoena, the Parties' counselors are amenable to the Court's scheduling order.


Respectfully submitted,

/s/Kadochnikov
_____
Alexander Kadochnikov, Esq.