UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  X
                                                              :
IN RE APPLICATION OF CAROLINA ANDRAUS   :
LANE.                                                         :
                                                              :          22 Misc. 34 (LGS)
For an Order Pursuant to 28 U.S.C. § 1782 to      :
Conduct Discovery for Use in Foreign Proceedings  :          **ORDER**
                                                              :
                                                              :
------------------------------------------------------------  X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an Order issued November 7, 2022, granted Applicant Carolina Andraus Lane's

application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery in a foreign proceeding.  The

foreign proceeding in question is a civil case pending in Brazil (the "Brazilian Proceeding"), in which

Applicant seeks to establish a claim to assets of Gilberto Miranda Batista, Applicant's ex-husband,

based on the existence of a de facto partnership between Applicant and Batista.  The Order granted the

request in part with respect to Fox Horan & Camerini LLP ("Fox Horan"), a New York law firm that

represents Batista, and previously represented both Batista and Applicant in creating certain corporate

entities and trusts as part of their alleged joint ventures.

WHEREAS, on February 17, 2023, Fox Horan filed a letter on behalf of itself and Batista,

representing that the parties had agreed on the scope of the required discovery.  The letter requested an

order requiring Applicant to bear half the costs of attorney time and all of the costs of reproducing

documents incurred by Fox Horan in responding to the subpoena.

WHEREAS, Federal Rule of Civil Procedure 45, which requires that a court order compelling

discovery "must protect a person who is neither a party nor a party's officer from significant expense

resulting from compliance," provides the applicable standard.  *See In re Edelman*, 295 F.3d 171, 178 (2d

Cir. 2002) (applying Rule 45 to interpret whether an entity "resides or is found" in the district for

purposes of § 1782); *In re T-Systems Scheiz AG*, No. 20 Misc. 308, 2020 WL 7384007, at *2 (S.D.N.Y. Dec. 16, 2020) ("In evaluating the allocation of costs under Section 1782, the Court can look to cases considering similar issues under Fed. R. Civ. P. 45."). "[D]etermining each party's share of the cost of compliance turns on three factors: (1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs; and (3) whether the litigation is of public importance." *In re World Trade Ctr. Disaster Site Litig.*, No. 21 Misc. 100, 2010 WL 3582921, at *1 (S.D.N.Y. Sept. 14, 2010).

WHEREAS, the first factor counsels against cost-shifting.  Fox Horan is the longtime New York counsel for Batista, including in connection with this application, and assisted him and Applicant in establishing the legal entities at issue in the Brazilian Proceeding.  The November 7 Order stated that "Fox Horan should be treated as a participant in the Brazilian Proceeding," citing *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238 (2d Cir. 2018).  In *Kiobel*, the requesting party functionally sought discovery from her opponent in foreign litigation through the opponent's American law firm, and this fact counseled against granting a subpoena.  *Id.* at 245.  Here, Applicant functionally seeks information from Batista regarding the establishment of certain trusts and corporate entities.  Although this analysis goes to different inquiries -- in *Kiobel*, whether to grant any subpoena under § 1782 and here, how to allocate costs -- *Kiobel* suggests that Fox Horan should be treated as having an interest in the outcome of the case.

WHEREAS, the second factor favors neither party.  On the parties' letters, it is unclear whether Fox Horan "can more readily bear the costs" of discovery than Applicant.  Fox Horan argues that Applicant has the resources to bear the costs of discovery, attaching documents outlining her financial status, and that compliance will be burdensome on Fox Horan.  Applicant argues that Fox Horan's

description of Applicant's financial status is not current and that Fox Horan is "a wealthy law firm." On the record the parties present, it is unclear what the anticipated costs of compliance will be in time or money or Fox Horan's ability to bear these costs as compared to Applicant. It is also unclear what the dollar amount of those costs will be, a matter over which Fox Horgan has some control both in terms of time spent and who performs the work.

WHEREAS, the third factor counsels in favor of cost-shifting. Fox Horan argues that the litigation is not of public importance. Applicant does not argue otherwise. It is hereby

**ORDERED** that Fox Horan's request for an order compelling Applicant to bear the costs of responding to the subpoena is **DENIED**. Fox Horan has not established that compliance with the subpoena will result in "significant expense" so as to make cost-shifting appropriate. Following conferral, Applicant has narrowed the scope of the requested discovery. As described in Fox Horan's letter, the scope of this discovery is limited to final versions of formation documents and meeting minutes, account statements and Fox Horan invoices. This comparatively limited set of materials distinguishes this case from those cited by Fox Horan in their letter, where cost-shifting was appropriate in producing much more voluminous records. *See In re Novartis & Par Antitrust Litig.*, No. 18 Civ. 4361, 2020 WL 3317203, at *5-6 (S.D.N.Y. June 18, 2020) (awarding costs for production of documents subject to a "broad" set of requests that took at least eighteen months to respond to, which included locating physical documents housed in a facility in India "under complete lockdown due to the COVID-19 pandemic" (internal quotation marks omitted)); *Koopman v. Bosch LLC*, No. 18 Civ. 4065, 2018 WL 9917679 (S.D.N.Y. May 25, 2018) (granting motion to split costs in reviewing and producing documents responsive to 56 categories of document requests, when costs were anticipated to be around $60,000 in total); *In re Namenda Direct Purchaser Antitrust Litig.*, No. 17 Misc. 314, 2017 WL

3822883, at *5 (S.D.N.Y. Aug. 30, 2017) (awarding costs for production of documents responsive to eight document requests); *see also In re Kingstown Partners Master Ltd.*, No. 21 Misc. 691, 2022 WL 1081333, at *7 (S.D.N.Y. Apr. 8, 2022) (awarding costs for any further production of documents from third parties, when more than 140,000 documents relating to the third parties had already been produced).  Fox Horan's remaining cases can be distinguished on grounds they did not deal with cost-shifting, *see Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 2015 WL 10767718, at *2 (S.D.N.Y. Oct. 6, 2015) (granting attorneys' fees expended opposing motion to compel, when the opposing party offered to produce documents in substantially the same conditions as those ultimately ordered), or focused on the appropriateness of the choice of counsel in contesting a subpoena and seeking fees, *see Prescient Acquisition Grp., Inc. v. MJ Publishing Trust*, No. 05 Civ. 6298, 2006 WL 2996645, at *3 (S.D.N.Y. Oct. 13, 2006) (awarding partial costs for the production of 2,100 pages, "which took a moderate degree of effort" based on "the equities of this particular case," but denying request for full reimbursement of attorneys' fees in connection with production and any reimbursement for attorneys' fees in connection with the motion for costs).  In addition, there is some qualitative difference between the "costs" borne by a law firm employing its own staff to search its own records and billing rates the firm charges third parties for attorney and staff time.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 36 and 37.

Dated: April 17, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4